IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN VARGAS,<br>No. M17897,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ZACK ROECKEMAN,<br>CHARLES CONRAD, and<br>HAROLD W. SCHULER,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　Case No. 15-cv-00303-NJR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

　　Plaintiff Juan Vargas is an inmate currently housed in Big Muddy River Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights in connection with his alleged sexual assault at the hands of a prison official.

　　This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

　　An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must

cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, in 2014, Plaintiff was working in the prison dietary department under the supervision of Charles Conrad. On six or seven occasions, Conrad sexually assaulted Plaintiff, fondling Plaintiff's penis and testicles, among other things. Although Plaintiff was emotionally upset about the assaults, he did not immediately report the assaults because he feared prison officials would retaliate against him.

Plaintiff eventually called the prison's rape hotline and lodged a complaint against Dietary Supervisor Conrad. A few weeks later, Plaintiff called the hotline again seeking mental health counseling relative to the trauma caused by the sexual assaults. Rather than receive help, Plaintiff was issued a disciplinary report by Internal Affairs officer Lt. Harold Schuler. According to Plaintiff, Lt. Schuler knew about sexual misconduct by Conrad, but he repeatedly covered for Conrad.

From Plaintiff's perspective, Warden Zach Roeckeman is liable for the actions of Supervisor Conrad and Lt. Schuler. Plaintiff notes that Warden Roeckeman gave his approval to Plaintiff's disciplinary conviction.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** Defendant Conrad sexually assaulted Plaintiff, in violation of the Eighth Amendment;

**Count 2:** Defendant Schuler was deliberately indifferent when he covered up Conrad's assault upon Plaintiff, in violation of the Eighth Amendment;

**Count 3:** Defendant Schuler retaliated against Plaintiff for reporting Conrad's sexual assault, in violation of the First Amendment; and

**Count 4:** Defendant Roeckeman was deliberately indifferent and complicit in the constitutional violations perpetrated by Defendants Conrad and Schuler, in violation of the Eighth Amendment.

## Discussion

*Count 1*

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S.CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to ensuring inmates' health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). As explained in *Berryhill v. Schriro,* 137 F.3d 1073, 1076 (8th Cir.1998), sexual assaults are not part of prisoner's punishment, and physical and emotional harm suffered by a victim of such abuse are compensable injuries. *See also Liner v. Goord,* 196 F.3d 132, 135 (2d Cir. 1999) (holding that sexual assaults qualify as physical injuries as matter of common sense, and sexual assaults certainly constitute more than *de minimis* injury). Thus, the complaint states a colorable Eighth Amendment claim against Defendant Conrad, and Count 1 shall proceed.

*Count 2*

As a general matter, a prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). That the officer had actual knowledge

of impending harm can be inferred from circumstantial evidence. *Id*. at 842. Proving deliberate indifference, however, requires more than a showing of negligent or even grossly negligent behavior. *Id*. at 835. Rather, the corrections officer must have acted with the equivalent of criminal recklessness. *Id*. at 836–37. Once prison officials know about a serious risk of harm, they have an obligation "to take reasonable measures to abate it," even if harm is not averted. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006); *see also Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008).

According to the complaint, Internal Affairs officer Lt. Schuler was aware that Dietary Supervisor Conrad was sexually assaulting kitchen workers. The extent or timing of Schuler's knowledge is not entirely clear from the complaint or the attached documentation. It is sufficiently alleged, however, that upon learning that Plaintiff's mental distress stemmed from a sexual assault by Supervisor Conrad, Schuler issued Plaintiff a disciplinary report, rather than getting him assistance—which Plaintiff contends was an intentional cover-up by Schuler. The many intricacies of this claim cannot be sorted out at this early juncture, so Count 2 will proceed.

*Count 3*

The First Amendment is implicated by the allegation that Lt. Schuler issued Plaintiff a disciplinary report after Plaintiff called the rape hotline, even if the only call Schuler was aware of was the second call seeking mental health care.

"An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000). "Otherwise permissible actions by prison officials can become impermissible if done for retaliatory reasons." *Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000). Although only notice pleading is required, it is helpful to keep in mind that in order to state a retaliation claim a plaintiff must

demonstrate that: "(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor" behind the retaliatory actions. *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006).

Retaliation for filing a grievance violates the First Amendment. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012), and the issuance of a disciplinary report could be viewed as sufficient to chill one's First Amendment activities. During prison proceedings there was a debate regarding whether Plaintiff called the hotline to register a grievance or to merely seek mental health care. Regardless, Plaintiff did indicate that he had been sexually assaulted by a prison official, which resulted in Plaintiff being issued a disciplinary report. At this early point, the Court will accept that the second call qualifies as protected activity. Count 3 shall proceed.

### *Count 4*

From Plaintiff's perspective, Warden Zach Roeckeman is liable for the actions of his subordinates, Dietary Supervisor Conrad and Internal Affairs officer Schuler. It is alleged that Roeckeman, as the chief administrative officer of the prison, signed off on Plaintiff's disciplinary conviction (*see* Doc. 1-1, p. 15). Those allegations are insufficient to state a colorable constitutional claim.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). As a result, the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). "Supervisory liability will be found … if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East*

*Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement).

There are no allegations that Warden Roeckeman had advance knowledge that Conrad was sexually assaulting Plaintiff or anyone else. And there are no allegations that Warden Roeckeman knew that the disciplinary report issued by Lt. Schuler was false or part of a cover-up, or issued in retaliation. Merely "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *see also McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013). Consequently, Count 4 will be dismissed without prejudice.

### Disposition

Upon close review of the complaint, it appears that "IL Department of Corrections Warden Zack Roeckeman" is named as a defendant, not the Illinois Department of Corrections *and* Zack Roeckeman. The Clerk of Court, therefore, is **DIRECTED** to correct the rerecord to reflect that the **ILLINOIS DEPARTMENT OF CORRECTIONS** is terminated as a defendant.

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 4** and Defendant **ZACH ROECKEMAN** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 1, 2 and 3** shall **PROCEED** against Defendants **CHARLES CONRAD and HAROLD W. SCHULER**.

**IT IS FURTHER ORDERED** that in accordance with 28 U.S.C. § 1915(d), Plaintiff's motion for service of process at government expense (Doc. 3) is **GRANTED**.

The Clerk of Court shall prepare for Defendants **CHARLES CONRAD and HAROLD W. SCHULER**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings, including consideration of Plaintiff's motion for recruitment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1). *See also* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 13, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**