IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN VARGAS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:15-CV-303-NJR-DGW |
| CHARLES CONRAD and HAROLD W. SCHULER, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on Defendant Harold W. Schuler's Motion for Summary Judgment (Doc. 47). For the following reasons, the motion is granted.

## INTRODUCTION

Plaintiff Juan Vargas, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Big Muddy River Correctional Center ("Big Muddy"). Specifically, Vargas asserts he was sexually assaulted by Defendant Charles Conrad, a prison official supervising the dietary department. After he reported the assault, Vargas alleges, Defendant Lt. Harold Schuler attempted to cover it up. Vargas's complaint was screened pursuant to 28 U.S.C. §1915A, and he was allowed to proceed on the following claims:

> **Count 1:** Defendant Conrad sexually assaulted Plaintiff in violation of the Eighth Amendment;

> **Count 2:** Defendant Schuler was deliberately indifferent when he covered up Conrad's assault on Plaintiff in violation of the Eighth Amendment; and
>
> **Count 3:** Defendant Schuler retaliated against Plaintiff for reporting Conrad's sexual assault in violation of the First Amendment.

Defendant Schuler filed a motion seeking judgment as a matter of law on November 21, 2016 (Doc. 47). Along with his motion for summary judgment, Defendant Schuler filed a Notice pursuant to Federal Rule of Civil Procedure 56 informing Vargas of the contents of Rule 56 and notifying him of the perils of failing to respond within the proper thirty-day timeframe (Doc. 49). Defendant's Notice specifically advised Vargas that his failure to file a response by the deadline may, in the Court's discretion, be considered an admission of the merits of the motion pursuant to Local Rule 7.1(c) (*Id.*). Despite receiving adequate notice, Vargas failed to file a response. The Court deems Vargas's failure to respond to be an admission as to the merits of Defendant Schuler's motion. *See* SDIL-LR 7.1(c).

## BACKGROUND

In light of Vargas's failure to file a response to Defendant Schuler's motion, the following pertinent facts are not in dispute. The Court construes these facts and the inferences drawn from them in favor of the non-movant to determine whether summary judgment is appropriate in this case. *Smith on Behalf of Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997); *see* FED. R. CIV. P. 56(e).

Vargas's claims in this matter concern incidents that occurred while he was incarcerated at Big Muddy. Vargas worked in the dietary department at Big Muddy

during a period of time in 2013 and then again from February 2014 to April 2014 (Juan Vargas Deposition, Doc. 48-1, pp. 4, 7). During this time, Vargas asserts he was sexually assaulted by his supervisor, Defendant Charles Conrad, who touched and caressed his genital area on a number of occasions (*Id.* at p. 8). Defendant Conrad resigned from his position at Big Muddy in May 2014 (Doc. 48-2).

On July 24, 2014, Vargas called the Prison Rape Elimination Act ("PREA") hotline and advised the operator of the issues he was having with Conrad (Doc. 48-1, p. 11). On July 25, 2014, Vargas was interviewed by Defendant Schuler, a lieutenant serving in the Investigations Unit at Big Muddy, regarding Vargas's PREA call (*Id.*; Affidavit of Harold Schuler, Doc. 48-2, ¶ 11; *see* Doc. 48-2, pp. 9-11). Vargas explained to Defendant Schuler that Conrad had sexually assaulted him, but indicated he could not provide specific dates or names of any witnesses to corroborate his allegations (Doc. 48-1, pp. 15-16). Vargas testified that he requested an interpreter, but no interpreter was provided (*Id.* at pp. 11, 17). Defendant Schuler indicates that although there was no interpreter at this interview, he could understand Vargas's claims against Conrad (Doc. 48-2, ¶ 13). Upon completion of the interview, Defendant Schuler escorted Vargas to Mental Health Services (Doc. 48-1, p. 18; Doc. 48-2, ¶ 16).

Following his interview of Vargas, Defendant Schuler interviewed two correctional food supervisors whom Vargas said he told about the sexual assaults; however, these individuals did not recall Vargas making any such reports (Doc. 48-2, ¶ 17). Schuler was unable to interview Conrad since he had retired (following another sexual assault investigation conducted by Schuler that led to various charges, including

Custodial Sexual Misconduct) (*Id.* at ¶¶ 6, 9-10). As a result, Defendant Schuler was unable to substantiate Vargas's allegations during the course of his investigation.

Soon thereafter, on or about August 10, 2014, Vargas called the PREA hotline again (Doc. 48-1, p. 19). During this call Vargas did not report any sexual assault; rather, Vargas asked to see a psychologist (*Id.* at p. 11). Following this call, on August 11, 2014, Defendant Schuler referred Vargas to the Mental Health Unit (Doc. 48-2, ¶ 21). Defendant Schuler also issued Vargas a disciplinary ticket charging him with "310 Abuse of Privileges" for his inappropriate use of the PREA hotline (Doc. 48-1, pp. 11). Notably, the PREA hotline is not intended to address previously reported PREA incidents or requests for mental health services, as Big Muddy has separate internal procedures for such requests (Doc. 48-2, ¶ 23). The August 13, 2014 disciplinary ticket was heard by the Adjustment Committee on August 18, 2014. Vargas was found guilty of abuse of privileges and disciplined with three months of "C Grade," three months' commissary restriction, and three months' gym/yard restriction (Doc. 48-1, p. 20; *see* Doc. 48-2, pp. 12-16).

On August 28, 2014, Vargas obtained approval from a correctional officer and went to the Big Muddy gym (Doc. 48-1, p. 22). Soon thereafter, Defendant Schuler saw Vargas and issued a ticket for "307 Unauthorized Movement" and "310 Abuse of Privileges" (Doc. 48-1, p. 22; Doc. 48-2, ¶ 32). Defendant Schuler issued this ticket as he was never told by any Big Muddy employee that Vargas had been given permission to be in the gym (despite his C Grade status related to the August 13, 2014 ticket) or that Vargas had not received the discipline summary informing him of his C Grade status

and gym restriction (Doc. 48-2, ¶ 33). The August 28, 2014 disciplinary ticket was later expunged because Vargas had not yet received his final discipline summary related to his August 13, 2014 ticket at the time the subsequent ticket was issued (*Id.* at ¶ 34; *see* Doc. 48-2, pp. 30-31).

## LEGAL STANDARD

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc., v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress &Co.*, 398 U.S. 144, 160 (1970); *see also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004).

A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Steen v. Myers et. al*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau*

*Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

**DISCUSSION**

Defendant Schuler asserts he is entitled to judgment as a matter of law because he was not deliberately indifferent to a known risk of harm to Vargas and he did not issue any disciplinary reports in retaliation for Vargas reporting the alleged sexual assault.

**A.     Count Two – Deliberate Indifference in Covering up the Alleged Assault**

It is well settled that although the Constitution does not mandate comfortable prisons, it does not permit inhumane ones. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) (*citing Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quotation omitted)). As such, the Seventh Circuit holds that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Id.* (citation omitted). In order to prevail on such a claim, two requirements must be met. *Id.* "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Second, a prison official "must have a sufficiently culpable state of mind," mainly "deliberate indifference." *Id.*

Here, Vargas alleges that Defendant Schuler failed to adequately investigate his complaints against Conrad and issued him disciplinary tickets instead—effectively "covering up" Vargas's allegations. At his deposition, Vargas testified he believed Defendant Schuler was covering up for Conrad only because Vargas asked Defendant Schuler for help, but did not receive it (Doc. 48-1, p. 19). Significantly, however, by the time Vargas called the PREA hotline, Conrad was no longer employed at Big Muddy.

Accordingly, Defendant Schuler was not in a position to ameliorate or redress the alleged constitutional violation. Furthermore, there is evidence in the record that Schuler did investigate the allegations, but found no corroboration. And, after Defendant Schuler interviewed Vargas about the alleged assault, he escorted Vargas to Mental Health Services. Even construing these undisputed facts in favor of the non-movant, Vargas has failed to demonstrate how Defendant Schuler was deliberately indifferent to the deprivation of any constitutional right. Accordingly, Defendant Schuler is entitled to summary judgment on Count Two.

**B.     Count Three – Retaliation**

Defendant Schuler also seeks summary judgment on Count Three of Vargas's complaint, which alleges that Defendant Schuler retaliated against Vargas for reporting Conrad's sexual assault, in violation of the First Amendment.

A prison official who takes action in retaliation for a prisoner's exercise of a constitutional right violates the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). The Seventh Circuit has articulated that for a plaintiff to prevail on a First Amendment retaliation claim, he must show: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)) (other citations omitted).

At the summary judgment stage, the Seventh Circuit has held that the burden of

proving causation is split between the parties. *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012). Initially, in order to establish a *prima facie* case, the plaintiff must produce evidence that his speech was at least a motivating factor in the defendant's decision to take retaliatory action. *Id.* Then, the burden shifts to the defendant to rebut the causal inference raised by the plaintiff's evidence. *Id.*

Defendant Schuler asserts that Vargas's retaliation claim must fail because the evidence does not support a finding that Vargas suffered a deprivation likely to deter First Amendment activity or that Vargas's First Amendment activity was a "motivating factor" in Schuler's decision to issue the August 2014 disciplinary tickets. The Court finds Defendant Schuler's latter argument most compelling.

In order to establish a *prima facie* case at this stage, the evidence must be sufficient to show that Vargas's complaints about Defendant Conrad motivated Defendant Schuler's writing of the August 2014 disciplinary tickets. Vargas may meet his burden by presenting either direct or circumstantial evidence. *Kidwell*, 679 F.3d at 965. Direct evidence is evidence which will prove a particular fact without reliance upon inference or presumption, while circumstantial evidence is evidence from which a trier of fact may infer that retaliation occurred, including suspicious timing or ambiguous oral or written statements. *Id.* (quotations and citations omitted).

Here, the only evidence in the record to support Vargas's *prima facie* case is circumstantial and based solely on the timing of events and Vargas's own claims. The Seventh Circuit has held that a plaintiff's reliance on suspicious timing to establish a *prima facie* retaliation claim will "rarely be sufficient in and of itself to create a triable

issue." *Stone v. City of Indianapolis Pub. Utils. Div.*, 281 F.3d 640, 644 (7th Cir. 2002) (citations omitted). Moreover, "mere speculation or conjecture will not defeat a summary judgment motion." *Rockwell Automation, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 544 F.3d 752, 757 (7th Cir. 2008).

The record is simply devoid of sufficient evidence to establish that Defendant Schuler had a retaliatory animus in issuing the relevant disciplinary reports. Defendant Schuler has provided undisputed evidence that he issued the disciplinary reports because Vargas improperly used the PREA hotline and because Vargas was in an area in which he was not permitted to be. Thus, the Court finds that Defendant Schuler's actions were not motivated by retaliation. *See Devbrow v. Gallegos*, 735 F.3d 584, 588 (7th Cir. 2013); *see also Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). Defendant Schuler is entitled to judgment as a matter of law on Count Three.

## CONCLUSION

Based on the foregoing, Defendant Harold W. Schuler's Motion for Summary Judgment (Doc. 47) is **GRANTED**. Plaintiff's claims against Defendant Schuler are **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to terminate Defendant Schuler as a party to this action.

**IT IS SO ORDERED.**

**DATED:   August 3, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**